IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IN RE SPECTRUM BRANDS LITIGATION

OPINION and ORDER

19-cv-178-jdp
19-cv-347-jdp

---

JET CAPITAL MASTER FUND, L.P,
on behalf of itself and all others similarly situated,

Plaintiff,
v.

HRG GROUP, INC., SPECTRUM BRANDS
HOLDINGS, INC., SPECTRUM BRANDS LEGACY,
INC., ANDREAS R. ROUVÉ, DAVID M. MAURA, and
DOUGLAS L. MARTIN,

Defendants.

OPINION and ORDER

21-cv-552-jdp

---

These related securities class actions are scheduled for a settlement approval hearing on March 18, 2022. In each case, the plaintiffs are shareholders who contend that defendants Spectrum Brands Legacy, Inc., Spectrum Brands Holdings, Inc., HRG Group, Inc., and some of their officers violated the Securities Exchange Act of 1934 by misrepresenting the value of their stock. Specifically, plaintiffs allege that officers falsely represented that a consolidation of two facilities was a success when in fact it adversely affected the company's financial performance, destroyed major customer relationships, and wrecked management credibility.

The court will refer to Case nos. 19-cv-178-jdp and 19-cv-347-jdp as *Spectrum* and Case no. 21-cv-552-jdp as *Jet Capital*. The *Spectrum* class and the *Jet Capital* class are represented by separate counsel.

The parties in both *Spectrum* and *Jet Capital* move for final approval of their class settlement. Both sets of class counsel also move for fees and costs. No member of either class has objected to either settlement, but there is a wrinkle in *Jet Capital*. Specifically, *Spectrum* class counsel contend that they should receive a portion of the *Jet Capital* settlement and *Jet Capital* class counsel oppose that request.

During the settlement approval hearing, the court will discuss the specifics of the parties' proposed settlements and class counsel's petitions for fees and expenses. But the court will explain in this order why it believes that *Spectrum* counsel is entitled to part of the settlement fund in *Jet Capital*, though not as much as it requests.

BACKGROUND

*Spectrum* class counsel's request for fees out of the *Jet Capital* settlement fund is based on their view that they provided a significant benefit to the *Jet Capital* class. *Jet Capital* class counsel disagree, contending that *Spectrum* class counsel "repeatedly harmed" the *Jet Capital* class. Case no, 21-cv-552-jdp, Dkt. 112, at 7. Evaluating class counsel's competing positions requires a review of the procedural history of these cases.

*Spectrum* started out as a class of individuals who purchased Spectrum stock. After *Spectrum* counsel were approved as lead counsel and notice was sent to the class, *Spectrum* counsel amended their complaint to include purchasers of HRG stock. There were no allegations that HRG made any false or misleading representations or that any of the defendants made misrepresentations about HRG. Rather, the HRG investors' claims were based on a contention that HRG stock prices were inflated by defendants' misrepresentations about the value of Spectrum stock because HRG owned most of Spectrum's stock at the time.

2

HRG was named as a defendant, but only on the theory that it controlled the other defendants as a result of its status as a majority stockholder.

Defendants hadn't yet answered the complaint, so leave of court wasn't needed for the amended complaint. *Spectrum* counsel did not seek leave of court to either provide new class notice based on the expanded scope of the class or to serve as lead counsel for the new proposed class.

Defendants then moved to dismiss all of the claims in the amended complaint. But before the court ruled on the motion, the parties notified the court that they wished to mediate their claims. After two rounds of mediation, the parties notified the court that they had reached a proposed settlement, and shortly thereafter, they moved for preliminary approval of a settlement of $39 million, which included $4,785,000 for HRG investors. The court granted the motion, and notice was sent to the class.

Jet Capital received the notice as an HRG investor. It objected to the settlement on the ground that the plan of allocation treated HRG investors unfairly by imposing a 75 percent discount on their claims. Jet Capital also argued that the two lead plaintiffs weren't adequate representatives for HRG investors.

The court took no position on whether the 75 percent discount was fair, but the court agreed with Jet Capital that the lead plaintiffs weren't adequate representatives of HRG stock purchasers. Only one of the lead plaintiffs, the Public School Teachers' Pension and Retirement Fund of Chicago, had purchased any HRG stock, and even then, it was a small number of shares. It was undisputed that the claims of the HRG investors were subject to unique defenses, so they needed their own representative. This was especially so because the lump sum settlement amount was determined before the plan of allocation. As a result, any discount on

the Public School Fund's relatively small amount of HRG shares (7,500) would lead to a larger settlement on the Public School Fund's much larger number of Spectrum shares (50,000). That gave both lead plaintiffs an incentive to shortchange the claims of HRG investors in favor of Spectrum investors during settlement negotiations.

The court gave the *Spectrum* lead plaintiffs two choices: (1) dismiss the claims brought on behalf of the HRG investors and allow them to file their own lawsuit; or (2) publish a new notice that includes the claims of the HRG class members so that the court could choose an additional lead plaintiff for those members. *Spectrum* lead plaintiffs chose the second option, and the court later chose Jet Capital as the additional lead plaintiff.

Two months later, in August 2021, *Spectrum* class counsel notified the court that the *Spectrum* class had reached another settlement. Because the *Jet Capital* class had not reached a settlement, the court directed the parties to show cause why the two classes shouldn't be severed into separate cases so that *Spectrum* could proceed to judgment while the parties in *Jet Capital* continued litigating. The parties agreed that the classes should be split up, so the *Jet Capital* class became Case no. 21-cv-552-jdp. A few days later, the *Spectrum* class moved for preliminary approval of a new settlement for $32 million.

As it turns out, the *Jet Capital* class wasn't far behind the *Spectrum* class. In September 2021, *Jet Capital* class counsel informed the court that they had reached a settlement with defendants, and a few days later, they moved for preliminary approval of a settlement for $7.25 million. The court granted both motions, and, as requested by the parties, scheduled a joint settlement approval hearing.

That brings us to the present. Class counsel in both *Spectrum* and *Jet Capital* now move for final approval of their settlements and class counsel move for fees and expenses. *Spectrum*

4

class counsel seeks attorney fees in the amount of 15 percent of the $32 million settlement fund and $342,231.25 in expenses, for a total of $5,142,231.25. *Jet Capital* class counsel seeks 22 percent of the $7.25 million settlement fund and $39,834.68 in expenses, for a total of $1,634,834.68.

In addition to seeking fees in *Spectrum*, counsel for the *Spectrum* class are also seeking fees in *Jet Capital*. Specifically, *Spectrum* counsel asks for 15 percent of $4,785,000, which was the portion of the original $39 million settlement that was reserved for the HRG investors. *Spectrum* class counsel clarify that they aren't seeking fees in excess of the 22 percent that *Jet Capital* class counsel are requesting. Rather, *Spectrum* counsel ask that their fees be subtracted from whatever the court awards to *Jet Capital* class counsel. For their part, *Jet Capital* class counsel ask the court to award no fees to *Spectrum* counsel out of the *Jet Capital* settlement.

ANALYSIS

Neither side cites authority involving a case quite like this one in which the court found near the end of the case that lead counsel could not adequately represent a part of the class and counsel later sought fees for the work they performed before the court made that determination. But both sides cite cases in other contexts in which courts awarded fees to counsel who didn't currently represent the party at issue. For example, the Court of Appeals for the Seventh Circuit has awarded fees to former counsel that performed work on a case but was discharged before the case settled *See, e.g., ACF 2006 Corp. v. Mark C. Ladendorf, P.C.*, 826 F.3d 976, 978–79 (7th Cir. 2016). The court of appeals has also approved fees for class action objectors and intervenors who produced an improvement in the settlement. *See, e.g., In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018); *Kaufman v. Am. Express Travel Related*

5

*Servs. Co., Inc.*, 877 F.3d 276, 287–88 (7th Cir. 2017); *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288–89 (7th Cir. 2002).

*Spectrum* counsel also cites *In re Cendant Corp. Securities Litigation*, which held that non-lead counsel in a securities class action may recover fees if they performed work on behalf of the class, they had some reasonable expectation of being compensated out of the class's common-fund recovery, and their work led to identifiable benefits to the class that would not have been obtained by the work of lead counsel. 404 F.3d 173, 199 (3d Cir. 2005). Similarly, *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, held that non-lead counsel may recover a reasonable fee if they provided the class with a substantial benefit. 623 F.3d 82, 88 (2d Cir. 2010). These courts relied on equitable principles such as quantum meruit and the common-fund doctrine to conclude that a lawyer is generally entitled to fees for services that provide a benefit to a litigant.

*Jet Capital* class counsel don't take issue with any of the basic principles in these cases. Instead, they deny that *Spectrum* counsel provided any benefits to the class, and they contend that it would be inequitable to award *Spectrum* counsel fees after they attempted to represent the HRG subclass without providing proper notice or seeking leave of court and then imposed an excessive discount on the claims of the HRG investors.

*Jet Capital* class counsel's first contention cannot be squared with the facts. Although *Jet Capital* counsel attempt to frame *Spectrum* counsel's conduct as an attempt to harm HRG stock purchasers, the bottom line is that Jet Capital and the rest of the HRG class would not have a claim without *Spectrum* class counsel.

Nothing *Spectrum* class counsel did prevented Jet Capital or any other HRG investor from filing its own lawsuit based on the alleged misrepresentations at issue in this case. *Spectrum*

6

class counsel didn't provide HRG investors with notice of their claims as they should have, but *Spectrum* class counsel didn't conceal those claims either. HRG investors were free to conduct their own investigation using the same information and methods as *Spectrum* class counsel. But that didn't happen. At the same time, nothing required *Spectrum* class counsel to investigate and then include the claims of the HRG investors in the *Spectrum* lawsuit. But if *Spectrum* class counsel hadn't done that, it appears likely that Jet Capital and the rest of the HRG stock purchasers would have missed their opportunity to assert a claim. *Spectrum* class counsel contend and *Jet Capital* class counsel don't dispute that the statute of limitations on any securities claims had already expired by the time Jet Capital objected to the first proposed settlement.[1] So if the lead plaintiffs in *Spectrum* had decided to dismiss the claims of the HRG investors—which this court allowed them to do—the HRG class would have gotten nothing.

*Spectrum* class counsel did not simply preserve the HRG investors' right to bring their own claims; counsel also performed a significant amount of the work that led to the settlement. It's undisputed that *Jet Capital* class counsel didn't conduct their own investigation of the merits of the HRG investors' claims. Rather, *Jet Capital* class counsel relied on the investigation that *Spectrum* class counsel had already performed.

It's true that *Jet Capital* class counsel obtained a better settlement for the HRG investors than *Spectrum* class counsel did. The original *Spectrum* settlement included $4,785,000 for the HRG subclass and the *Jet Capital* settlement is for $7,250,000, which is about 50 percent more. That is evidence that the *Spectrum* lead plaintiffs were not adequate representatives for the

---

[1] Under *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), the filing of a proposed class action tolls the statute of limitations for individuals who choose not to join the class, but it does not toll the limitations period for a successive class action.

HRG investors and that Jet Capital added value to the settlement, so *Jet Capital* class counsel are entitled to attorney fees. But it doesn't follow that *Jet Capital* class counsel is entitled to *all* of the fees for providing *some* of the benefit. Rather, *Jet Capital*'s situation is similar to that of an objector that is entitled to its fair share of the fees for increasing the value of the settlement. Both sets of counsel provided a substantial benefit to the class, so both are entitled to a share of the fees.

That being said, the court isn't persuaded that *Spectrum* class counsel is entitled to the fee they are requesting. They ask for 15 percent of $4,785,000, which is the same amount that they requested in their original fee petition in *Spectrum*. In other words, *Spectrum* class counsel's position appears to be that the court should award them the same fee for the HRG claims that the court could have awarded them if it had approved the original settlement. But if the court were to grant that request, it would provide no disincentive for counsel to take the same approach in another case.

As the court explained in the order requiring *Spectrum* class counsel to post new notice, counsel should have known that new notice was needed when they expanded the scope of the class to include HRG investors, and they should have known that the lead plaintiffs weren't adequate representatives for those investors. As a result of Spectrum counsel's failure to comply with the statutory notice requirements, the original settlement had to be scrapped and the parties had to start over again, wasting significant time, effort, and resources. Counsel in that situation should not expect to recover their full fee.

*Spectrum* class counsel contend that their fees should not be eliminated or reduced because *Jet Capital* class counsel haven't met the standard for proving that they have "unclean hands," which requires a finding of fraud, intentional misconduct, or bad faith. Dkt. 114, at

8

18. But *Spectrum* class counsel cites no authority for the view that a reduction is inappropriate for anything falling short of unclean hands. As *Spectrum* class counsel acknowledge, an award of attorney fees in a case like this one involving a common fund is governed by more general equitable principles, which give the district court discretion in determining whether to award a fee and how much the fee should be. *See Meredith v. Winter Haven*, 320 U.S. 228, 235 (1943) ("An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity."); *see also Dardovitch v. Haltzman*, 190 F.3d 125, 146 (3d Cir. 1999) ("[T]he District Court's discretion in deciding whether to grant attorney's fees in an equity case is exceedingly broad"). The court must determine what qualifies as fair compensation in light of the services rendered by counsel and the interests of the class. *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). Here, the court concludes that it would not be fair to the class or further the interest of justice to compensate *Spectrum* class counsel for conduct that deprived potential class members of fair notice for more than a year, caused significant delay in resolving the case, and led to a significant waste of resources.

Accordingly, the court concludes that both *Jet Capital* and *Spectrum* class counsel are entitled to reasonable fees, but the court will reduce the fee requested by *Spectrum* class counsel in *Jet Capital*. The court will determine at the settlement approval hearing the reasonable fee for both sets of counsel.

ORDER

IT IS ORDERED that class counsel's motions for attorney fees, Dkt. 102 (in case no. 19-cv-347-jdp), Dkt. 105 and Dkt. 110 (in case no. 21-cv-552-jdp), are GRANTED in part.

The court will determine at the settlement approval hearing the amount of fees that are reasonable in each case.

Entered March 11, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge